UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSE ABREU, Individually, and on behalf of all others similarly situated,

           Civil Action No.

Plaintiffs,

-against-

BLEECKER PASTRY TARTUFO INC.,
LUCIA DI SAVERIO and DOMENICK DI SAVERIO,

Defendants.
-----------------------------------------------------------------------X

## CLASS AND COLLECTIVE ACTION COMPLAINT

The Plaintiff, Jose Abreu, individually and on behalf of all others similarly situated, by and through his undersigned counsel, as and for his Complaint against Defendants, Bleecker Pastry Tartufo Inc., Lucia Di Saverio, and Domenick DiSaverio ("Defendants") respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. §216(b) and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. §1331.

3. The Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district. In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff Jose Abreu ("Plaintiff") is a resident of Bronx County, New York.

6. Plaintiff has been employed by Defendants working at their pastry and tartufo business from on or about June, 1995 to the present time.

7. Upon information and belief, Defendant, Bleecker Pastry Tartufo, Inc. ("Bleecker Pastry"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, Lucia Di Saverio, ("Lucia") is an individual residing in the State of New York.

9. Lucia is an officer, director, and/or managing agent of Bleecker Pastry who has and continues to participate in the day-to-day operations of Bleecker Pastry. At all relevant times, Lucia exercised operational control over Bleecker Pastry, controlled significant business functions of Bleecker Pastry, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Bleecker Pastry in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all

relevant times, Lucia has been an employer under the FLSA and the New York Wage and Hour Law.

10. Defendant, Domenick Di Saverio, ("Domenick") is an individual residing in the State of New York.

11. Domenick is an officer, director, and/or managing agent of Bleecker Pastry who has and continues to participate in the day-to-day operations of Bleecker Pastry. At all relevant times, Domenick exercised operational control over Bleecker Pastry, controlled significant business functions of Bleecker Pastry, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Bleecker Pastry in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Domenick has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

12. Defendants operate a pastry and tartufo business located 37-22 13th Street, Long Island City, New York 11101.

13. Plaintiff works at defendants' pastry and tartufo business preparing goods to be sold such as cheesecakes, cookies, bread, and panettone.

14. During the time period 2011 through November 2015, Plaintiff worked 6 days a week, Monday through Saturday.

15. During this time, Plaintiff began his shift each morning at 7:00 a.m.

16. During this time, Plaintiff's shifts ended at 4:00 p.m. on Mondays through Fridays and at 12:30 p.m. on Saturdays.

17. During this time, Plaintiff was given a half hour meal break on Monday through Friday.

18. During this time, Plaintiff worked 48 hours each week.

19. During this time, Plaintiff was supervised by Lucia and Domenick on a daily basis.

20. During this time, Lucia and Domenick supervised the employees that worked at the pastry and tartufo business on a daily basis.

21. During this time, Lucia and Domenick determined the hours worked by Plaintiff and other employees.

22. During this time, Lucia and Domenick determined the pay rates of Plaintiff and other employees.

23. During this time, Lucia and Domenick participated in running the daily operations of the pastry and tartufo business.

24. During this time, Lucia and Domenick determined the meal break times for Plaintiff and other employees.

25. From November 2015 to the present, Plaintiff has worked 5 days a week, Monday through Friday.

26. During this time, Plaintiff's shift has started at 7:00 a.m. each morning.

27. During this time, Plaintiff's shift has ended at 5:00 p.m. each evening.

28. During this time, Plaintiff has been given a half hour meal break each day.

29. During this time, Plaintiff has worked 47.5 hours each week.

30. From 2011 to the present, Plaintiff has been paid partially by check and partially in cash each week.

31. From 2011 to the present, Plaintiff has been paid a weekly salary.

32. From 2011 to the present, Defendants have failed to pay Plaintiff overtime compensation.

33. From 2011 to the present, Defendants have failed to pay Plaintiff time and a half his regular rate of pay when he works more than 40 hours each week.

34. From 2011 to the present, Defendants have failed to provide Plaintiff with pay stubs each week.

35. From 2011 to the present, Defendants have failed to provide Plaintiff with wage notices.

36. From 2011 to the present, Defendants have employed other workers who have prepared goods to be sold.

37. These employees' are not paid overtime compensation.

38. These employees' regularly work more than 40 hours per week.

39. These employees' are not paid time and a half their regular rates of pay when they work more than 40 hours each week.

40. These employees are not given pay stubs each week.

41. These employees have not been given wage notices.

42. These employees are subject to the same illegal practices and policies as the named Plaintiff.

43. Defendants have managed Plaintiff and other similarly situated employees' employment, including the amount of overtime worked. Defendants have dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

44. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff have been damaged by such failures.

## GENERAL ALLEGATIONS

45. Plaintiff, individually, and on behalf of all similarly situated current and former employees of the Defendants, including its subsidiaries and affiliated companies, bring this action as a collective action under the FLSA to recover, *inter alia*, unpaid overtime compensation and statutory penalties owed to the Plaintiff and all other similarly situated employees.

46. Defendants' failure to pay the Plaintiff and all other similarly situated employees' overtime compensation when these employees worked in excess of 40 hours per week has violated the FLSA and the NYLL.

47. As a result of these unlawful practices, the Plaintiff and the similarly situated employees have suffered a loss of wages.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and the following class of persons:

> All employees who have worked at the pastry and tartufo business located at 37-22 13th Street, Long Island City, New York and have not been paid overtime compensation at any time from six years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs (hereinafter the "FLSA Class").

49. Plaintiff and other members of the FLSA Class are similarly situated inasmuch as, *inter alia*, they were required to work in excess of 40 hours a week without being paid overtime compensation.

50. Defendants have known that the Plaintiff and similarly situated employees have performed work that has required overtime compensation. Nonetheless, Defendants have operated under a scheme to deprive the Plaintiff and the other members of the FLSA Class of overtime compensation by failing to properly compensate them for all time worked.

51. Defendants' conduct, as alleged herein, has been willful and has caused significant damage to the Plaintiff and the similarly situated employees.

## COUNT I
## FLSA Overtime Claim

52. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

53. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

54. The corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

55. Upon information and belief, the gross annual volume of sales made or business done by the corporate defendant for the years 2016, 2015, and 2014 was not less than $500,000.00.

56. At all times relevant to this action, Plaintiff and the similarly situated employees have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

57. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

58. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff and others overtime compensation as required by the FLSA.

59. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to the Plaintiff or the similarly situated employees because they have not met the requirements for coverage under the exemptions.

60. The Plaintiff and the similarly situated employees are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA collective action and has deprived them of overtime compensation.

61. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

62. As a result of Defendants' violations of the FLSA, Plaintiff and all others similarly situated have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## STATE-WIDE CLASS ALLEGATIONS

63. The Plaintiff also seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself individually and all other similarly situated employees

who, during the relevant statute of limitations period, have worked for Defendants with respect to the claims pleaded in Counts II, III, and IV of the complaint.

64. Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

(a) The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b) There are questions of law or fact common to the class which predominate over and questions affecting only individual members;

(c) The claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d) The representative parties will fairly and adequately protect the interests of the class; and

(e) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definitions

65. Plaintiffs seeks certification of a class consisting of the following individuals:

All employees who have worked at the pastry and tartufo business located at 37-22 13th Street, Long Island City, New York and have not been paid overtime compensation at any time from six years prior to the filing of this action to the entry of judgment in this action.

### Numerosity

66. Plaintiff satisfies the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

67.     The proposed class can be identified and located using the Defendants' payroll and personnel records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

### Common Questions of Fact or Law

68.     There are questions of fact and law common to each class member which predominates over any questions affecting only individual members. The questions of fact and law common to each class member arising from Defendants' actions include, but are not limited to, the following:

(a)     Whether the class members have qualified for exempt status;

(b)     Whether Defendants conducted an analysis of class members' compensation before failing to pay them overtime compensation;

(c)     Whether Defendants conducted an analysis of class members' duties and tasks before failing to pay them overtime;

(d)     Whether the class members have been uniformly classified as exempt from overtime requirements;

(e)     Whether Plaintiff and class members have regularly worked in excess of 40 hours per week;

(f)     Whether Plaintiff and class members have been expected or required to work in excess of 40 hours per week; and

(g)     Whether Defendants' failure to pay overtime compensation has been willful.

69.     The questions set forth above predominate over any questions affecting only individual persons. With respect to considerations of consistency, economy, efficiency, fairness,

and equity, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

70. Plaintiff's claims are typical of the claims of the class members. As a result of Defendants' unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the respective class they seek to represent.

### Adequacy

71. Plaintiff is an adequate representative of the class he seeks to represent because he is a member of such class, and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

### Superiority

72. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

73. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for Plaintiff to bring individual claims.

74. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

### COUNT II
### NYLL Overtime Violation

75. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

76. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

77. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

78. By the above-alleged conduct, Defendants have failed to pay members of the New York Class overtime compensation as required by the New York Labor Articles.

79. Plaintiff and the other members of the New York Class are not exempt from the overtime provisions of the New York Labor Articles, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

80. Plaintiff and the other members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the New York Labor Articles, has been applied to all members of the New York Class and has deprived them of proper overtime compensation.

81. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their

conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

82. As a result of Defendants' violations of the NYLL, Plaintiff and all others members of the New York class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## NYLL Wage Notice Violation

83. Plaintiff alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as though fully set forth herein.

84. Defendants willfully failed to furnish the Plaintiff and others with wage notices during their employment as required by NYLL § 195(1), in English or in Spanish (the language identified by Plaintiff as his primary language), which were to contain, among other things, the Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the Plaintiff's regular hourly rates of pay and overtime rates of pay.

85. Through their knowing and intentional failure to provide the Plaintiff and others with proper wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

86. Due to Defendants' willful violations of the NYLL, the Plaintiff and others are entitled to recover statutory penalties of fifty dollars ($50.00) for each work week prior to February 27, 2015 in which Defendants failed to provide the Plaintiff with proper wage notices

up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of fifty dollars ($50.00) for each work day on or after February 27, 2015 in which Defendants failed to provide the Plaintiff with proper wage notices up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## NYLL Wage Statement Violation

87. Plaintiff alleges, re-alleges and incorporates by reference all allegations from all preceding paragraphs as though fully set forth herein.

88. Defendants willfully failed to provide the Plaintiff and others with proper written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked. Through their knowing and intentional failure to provide the Plaintiff with proper and accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

89. Due to Defendants' willful violations of the NYLL, the Plaintiff and others are entitled to recover statutory penalties of one hundred dollars ($100.00) for each work week prior to February 27, 2015 that Defendants failed to provide the Plaintiff and others with proper written wage statements up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of two hundred fifty dollars ($250.00) for each work day on or after February 27, 2015 in which Defendants failed to provide the Plaintiff and others with proper

wage statements up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all employees' who currently work for or who have worked for Defendants within the last six years;

B. Authorize Plaintiffs' counsel to issue a notice at the earliest possible time to all current and former employees' employed by the Defendants during the six years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they worked in excess of 40 hours in a week during the liability period, for which they were not paid the FLSA-required overtime;

C. Authorize Plaintiff to certify their claims under the state law of New York;

D. Declare and find that the Defendants committed one or more of the following acts:

    1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated persons who opt into this Action;

    2. Willfully violated the overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime wages and regular wages to Plaintiff and all class members;

4. Willfully violated the applicable provisions of the NYLL.

E. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

F. Award interest on all NYLL claims and other compensation due accruing from the date such amounts were due;

G. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL.

H. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
February 1, 2017

Neil H. Greenberg & Associates, P.C.
Attorneys for the Plaintiff
By: Neil H. Greenberg, Esq.
4242 Merrick Road
Massapequa, New York 11758
(516) 228-5100

## CONSENT TO JOIN COLLECTIVE ACTION FORM

By signing below, I hereby consent to be a plaintiff in the case of *Abreu, Jose v.* Bleecker Pastry Tartufo Inc., Lucia Di Saverio, and Domenick D. Saverio

I hereby designate Neil H. Greenberg & Associates, P.C. (Named Plaintiffs' Counsel) and other attorneys with whom they may associate to represent me for all purposes of this action.

I also designate Named Plaintiffs as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Named Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

10/25/16
Date

Jose Abreu
Signature

Jose Abreu
Print Name

redacted
Street Address

redacted
City, State, Zip Code

redacted
Telephone Number(s)

E-mail Address

3/10/95
Start Date of Employment

11/03/15
End Date of Employment

Complete and Mail, Fax or E-mail the Consent to Join Form to:

Neil H. Greenberg & Associates, P.C.
*Attn: Jose Abreu v. 37-22 13 Street LLC, et al*
4242 Merrick Road
Massapequa, New York 11758
Phone: (516) 228-5100
Fax: (516) 228-5106
E-Mail: nhglaw@nhglaw.com

*Statute of Limitations concerns mandate that you return this Consent to Join Form as soon as possible to preserve your rights.*